UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN 2 H-CARS, INC., D/B/A FRANK HYUNDAI,<br><br>                              Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC.,<br><br>                              Defendant. | Case No.: 23-cv-01836-W-BGS<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE [DOC. 3]** |

Pending before the Court is Plaintiff Gen 2 H-Cars, Inc., d/b/a Frank Hyundai's ("Plaintiff") motion for extension of time to effectuate service ("Motion").[1]  Defendant Hyundai Motor America, Inc. ("Defendant") has not opposed, which is unsurprising seeing as it has not been served or otherwise appeared in this case.

As alleged, this case arises out of, among other things, Plaintiff's attempts to comply with Defendant "Accelerate Program" and "Defendant's unlawful prevention of the sale of Plaintiff's assets." (*See Motion* at 2:7-8; [Doc. 1], "Complaint" at ¶¶ 23-27.)  From there, the Complaint alleges eleven different causes of action against Defendant, including violation Cal. Veh. Code §§ 117.13.3(e), (c); 15 U.S.C. § 1222; breach of contract; breach

---

[1] Plaintiff filed the Motion without placing a hearing date on the cover page and without obtaining a hearing date from the Court's chambers.  *See* Civ. L.R. 7.1(b), (f).  For the sake of judicial economy, the Court will construe the Motion as an *ex parte* application.

1

of the implied covenant; as well as both intentional and negligent interference with prospective business advantage. (*Compl*. at ¶¶ 87-162.)

Under Fed. R. Civ. P 4(m), defendant's must be served "within 90 days after the complaint is filed." Since Plaintiff filed the Complaint and the summons was issued on October 5, 2023, Defendant needed to be served with the summons and copy of the Complaint by January 3, 2023. Instead, on January 3, 2023, Plaintiff filed the instant Motion an extension of time to effectuate service. However, Defendant has not been served nor made an appearance in this case.

While Fed. R. Civ. P. 4(m) states that generally a complaint must be dismissed without prejudice if the defendant is not served within 90 days, "the court must extend the time for service" if "the plaintiff shows good cause." Here, it appears that service has not been effectuated on Defendant because, at least in part, the parties have been involved in related litigation before the California New Motor Vehicle Board and have been negotiating a settlement agreement for both cases. (*Motion* at 2:15-22.) According to the Motion, the California New Motor Vehicle Board has granted the parties a 60-day continuance of all deadlines in its case to "facilitate settlement discussions." (*Id*.) Plaintiff now asks this Court to also grant it a 60-day extension to effectuate service on Defendant, so that the parties can focus on reaching a settlement. (*Id*.)

Having reviewed the moving papers and good cause appearing, the Court **GRANTS** the Motion and **ORDERS** that Plaintiff shall have an additional 60 days from the date of this Order to effectuate service of the summons and copy of the Complaint on Defendant.

**IT IS SO ORDERED.**

Dated: January 8, 2024

_____
Hon. Thomas J. Whelan
United States District Judge